IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-CV-00594-M-RJ

| | |
|---|---|
| ERNEST K. ELLIOT, <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF NORTH CAROLINA, et al., <br><br> Defendants. | ORDER |

This matter comes before the court on the Memorandum and Recommendation ("M&R") issued by United States Magistrate Judge Robert B. Jones, Jr. [DE 3]. Therein, Judge Jones recommends that Plaintiff's complaint be dismissed as frivolous because it fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8. *Id.* at 4. Since the issuance of the M&R, Plaintiff has filed a timely objection [DE 6], a Motion for Recusal or Reassignment of the Magistrate Judge [DE 8], a Motion for Leave to File Supplemental Pleading [DE 9], and an Emergency Motion for Temporary Restraining Order [DE 10]. In this posture, the matter is ripe for review.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear

error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Here, Judge Jones recommends that the complaint be dismissed as frivolous because it contains "no allegations specific to any defendant." DE 3 at 4. Instead, it makes "only general allegations against the 'Defendants' collectively," *id.*, which is insufficient to state a claim upon which relief can be granted. *See Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enter., Inc.*, 505 F. Supp. 3d 570, 581–82 (M.D.N.C. 2020) ("In an action against multiple defendants, a complaint must state facts that support a cause of action against each individual defendant. 'Blanket conclusory allegations as to multiple defendants are insufficient.'") (quoting *Vision Motor Cars, Inc. v. Valor Motor Co.*, 981 F. Supp. 2d 464, 468 (M.D.N.C. 2013)); *Boykin Anchor Co., Inc. v. AT&T Corp.*, No. 5:10-CV-591-FL, 2011 WL 1456388, at *4 (E.D.N.C. Apr. 14, 2011) (noting that a "plaintiff cannot rely on bare allegations relating to the conduct of 'all defendants' to hold [an individual defendant] liable, but must identify specific acts or conduct taken by each defendant to state a claim"). Plaintiff's objection to the M&R is nonresponsive to this point, so the court finds that it does not trigger de novo review. Upon careful review of the M&R and the record presented, and finding no clear error, the court ADOPTS the recommendation of the magistrate judge as its own and finds that the complaint fails to state a claim upon which relief might be granted.

Plaintiff, however, has also moved pursuant to Federal Rule of Civil Procedure 15(d) for leave to supplement his complaint. DE 9. The allegations in the proposed supplement do not concern a "transaction, occurrence, or event that happened after" the filing of the original complaint, *see* Fed. R. Civ. P. 15(d), so the court construes the motion as seeking relief under Rule 15(a)(2). Under that provision, parties may seek leave to amend their pleading. Fed. R. Civ. P.

2

15(a)(2). "[L]eave should be freely granted in the interests of justice absent a valid reason to deny leave, such as unfair prejudice, unfair delay, bad faith, or futility." *Doe v. Marshall Univ. Bd. of Governors*, 683 F. Supp. 3d 522, 529 (S.D. W. Va. 2023). Having reviewed the new allegations in the proposed pleading, the court finds that granting leave to amend would be futile. The thrust of Plaintiff's complaint is that Defendants conspired to fraudulently and unlawfully initiate foreclosure proceedings against his property. The proposed pleading does, for the first time, identify several of the named-Defendants, but it fails to allege how any individual defendant participated in the conspiracy. Moreover, even as amended, the Rooker-Feldman doctrine would prevent the court from "sit[ting] in appellate review of judicial determinations made in state courts." *Baxter v. Brock & Scott PLLC*, No. 3:14-CV-165, 2014 WL 2861800, at *2 (W.D.N.C. June 24, 2015). "In the context of a state foreclosure proceeding, Rooker-Feldman prohibits claims brought in federal court that may 'succeed only to the extent that the state court wrongly decided the foreclosure action.'" *Id.* (quoting *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996)). Because this action challenges the legality of a state foreclosure action, this court lacks subject matter jurisdiction to consider it. Therefore, the court finds that granting leave to amend would be futile.

For these reasons, the court overrules Plaintiff's objection and adopts the rationale of the M&R as its own. Plaintiff's complaint is DISMISSED for failure to state a claim and for lack of subject matter jurisdiction. Plaintiff's motion for leave to amend his complaint [DE 9] is DENIED. His remaining motions at DE 2, 8, and 10 are DENIED WITHOUT PREJUDICE. The Clerk is

DIRECTED to close the case.

SO ORDERED this 30th day of December, 2025.

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE